Warner, Chief Justice.
In this case there was an entry made on the bench docket of the Superior ■ Court in the handwriting of the presiding Judge opposite the case, “Dismissed by order of plaintiff’s attorney, October term, 1870,” and also, the following entry thereon, “Received the clerk’s cost in the opposite case,” signed .by the clerk of the Court. At the August term of the Court, 1872, the plaintiff’s attorney made a motion to set aside said entry of dismissal on the docket, on the ground that it was an error and unauthorized. The defendant in the case objected, and made a motion to ente.r a judgment of dismissal by order of plaintiff’s attorney on the minutes 'of the Court nunc pro tunc, which the Court refused and the defendant excepted. The defendant then tendered an issue denying that said entry of dismissal was an error and unauthorized, but that the same was made under an agreement and understanding between the defendant, plaintiff and plaintiff’s attorney, that if defendant would pay the sum of $2,700 00 on the notes sued on it should ^operate as a payment and settlement of the whole debt of $5,400 00, and that said case should be dismissed. The Court refused to allow the issue tendered to be tried by a jury and the defendant excepted. . The Court examined the witnesses, holding that it was a question for the Court to decide *258 whether the entry of dismissal was an error and made without authority, to which the defendant excepted. In our judgment, it was the province and duty of the Court to control the entries on its own docket, and if erroneously made to have the same corrected, which the Court did, by reinstating the case on the docket. But whilst we do not control the action of the Court in regulating the entries on its docket, it is not to be understood that the defendant is to be concluded on the trial of the case by the action of the Court in reinstating it on the docket, from pleading and proving the alleged agreement and settlement of the case, and that it was to be dismissed in pursuance of the alleged agreement, provided he can do so, and that the entry was in fact made on the docket in pursuance of that agreement between the parties.
Let the judgment of the Court below be affirmed.