CLARKE *v.* WESTERN UNION TELEGRAPH COMPANY.

112   633
Case 2
121    12

112   633
Case 2
f129   114

In an action against a telegraph company for a failure to deliver a telegram in due time, it is incumbent on the plaintiff to prove affirmatively that damage resulted from the failure to deliver.

Argued January 8, — Decided January 25, 1901.

Action for damages.   Before Judge Calhoun.   City court of Atlanta.   May 18, 1900.

*R. O. Lovett*, for plaintiff.

*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, for defendant.

COBB, J.   Clarke brought suit against the Telegraph Company, alleging that he was a resident of the city of Atlanta; that he was a party to a case pending in the superior court of Coweta county, which was set for trial on a certain day ; that his attorneys at Newnan delivered to the defendant company a telegram notifying him

of the assignment of his case; that the company failed to deliver this message until it was too late for him to reach the place of the trial at the time the case was set, and when the case was called for trial the same was dismissed because of the absence of the petitioner, who was the plaintiff therein, whose presence was necessary. The damages alleged to have been sustained are set forth in the petition. When the case came on for trial a nonsuit was awarded, and the case is here upon a bill of exceptions complaining of this judgment.

A careful examination of the evidence contained in the record shows that there was proof that the plaintiff had a case in the superior court of Coweta county; that the same was set for trial on a given day; that his counsel sent him a telegram stating that the case had been set for trial, which, if promptly delivered, would have reached him in ample time for him to have gone to Newnan and been there when his case was called; that the case was called, and the following entry was made on the docket by the presiding judge: "Dismissed. March term, 1897;" and that the plaintiff sustained damage in a certain sum, by reason of the dismissal. There was no evidence showing that the plaintiff's presence was necessary at the trial of his case. Nor does it distinctly appear what was the character of the case, and why it was dismissed; whether dismissed for want of prosecution, or on demurrer, or for some other good reason, is not stated in the entry of the judge above referred to, nor does it otherwise appear in the record. It was a necessary part of the plaintiff's case to show that the damages alleged to have been sustained by him were the result of his absence at the time his case was called for trial. While it can be conjectured that this was the fact, this is not sufficient where he is claiming damages from another person. He must show this affirmatively as a part of his case; for it is equally possible to conjecture that the dismissal of the case resulted from some other cause than his absence.

It seems that the fact of dismissal is sufficiently proved by a certified copy of an entry to that effect by the judge on the docket. *Thornton* v. *Perry*, 101 *Ga.* 608, 614, and cases cited.

*Judgment affirmed. All the Justices concurring.*