MILLEDGEVILLE WATER COMPANY *et al. v.* FOWLER.

This being an action to recover for a breach of a contract, the burden of proving the amount suffered through the alleged breach rested upon the plaintiff; and there being no evidence whatever to show the amount of damages suffered, the verdict for substantial, compensatory damages in favor of the plaintiff was unauthorized, though he might have been entitled to nominal damages upon proof merely of the breach.

Submitted April 24,—Decided August 15, 1907.

Action for damages.  Before Judge Lewis.  Baldwin superior court.  July 13, 1906.

Fowler brought suit against the Milledgeville Water Company and Hanes, superintendent, to recover damages alleged to have been sustained by reason of the failure and refusal of the defendants to furnish water for the plaintiff's residence in the city of Milledgeville.  He alleged, in substance, that said Water Company is under a contract "with the mayor and aldermen of said city for and in behalf of the citizens of said city, whereby it agrees to furnish water to the residents of said city upon terms therein fully set out;" that in pursuance of said contract the defendants had furnished him with water up to September 1, 1904, at which time Hanes, general manager of the defendant company, demanded of him the payment of water rental for the preceding six

months, which he had already paid; that he refused to pay said back rental, but paid the rental for the next ensuing six months ending March 1, 1905. "Nevertheless said Hanes retained said money, sent your petitioner a receipt purporting to be for the half year ending September 1, 1904, and immediately cut off said water from his said residence." As to the damages sustained in consequence of being deprived of the water the plaintiff testified: "I had no other supply of water besides the hydrant. I did not have a well. I got my water from neighbors, or some street well. . . . This certainly necessitated additional work. The hydrant was so located that my wife could draw all the water that she wanted. . . I used this water for bathing, and it was very convenient. . . The water remained cut off until March 1st, 1905." The defendants denied the material allegations in the petition, and contended that the plaintiff was in arrears with his dues, and that the water was cut off because the rental was not paid. The jury found in favor of the plaintiff $150. The defendants moved for a new trial, which was denied, and they excepted.

*Hines & Vinson,* for plaintiff in error.

*Allen & Pottle,* contra.

BECK, J. (After stating the facts.) The plaintiff's case, as stated in his petition and as made by his evidence, was plainly one arising from a breach of a contract. The relation of the parties to the action was plainly contractual. The defendant, under the terms of the contract, was under obligation, upon the payment in advance of a certain sum by the plaintiff, to furnish water to plaintiff at his residence. The plaintiff contended, and submitted proof to show, that he had performed his part of the contract by payment in advance of the requisite amount, and that the defendant had failed and refused to perform his part. Counsel for the plaintiff in their brief and argument insist that, under the pleadings and facts of the case, a right of action as for a tort had been shown; and while the movant does not except to any portion of the charge, and the charge itself is not in the record, the case must have been submitted to the jury on that theory. Otherwise we can not account for the verdict.

Mere breach of a contract can not be converted into a tort by showing that failure to perform upon the part of the one commit-

ting the breach had resulted in great inconvenience, trouble, annoyance, and hardship to the other party to the contract.

The Civil Code, §3807, provides that "A tort is a legal wrong committed upon the person or property independent of contract. It may be either—1. A direct invasion of some legal right of the individual. 2. The infraction of some public duty by which special damage accrues to the individual. 3.. The violation of some private obligation by which like damage accrues to the individual. In the former case, no special damage is necessary to entitle the party to recover. In the two latter cases such damage is necessary." Section 3810, contained in the chapter on torts, provides that "Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action." And in *L. & N. Railroad Co.* v. *Spinks,* 104 *Ga.* 692, 30 S. E. 968, it was decided that, "In arriving at a correct understanding of the meaning of section 3807, the words 'independent of contract' must be understood as applying to each one of the three subdivisions embraced in that section. Accordingly, the third subdivision means the same as if it read, 'the violation of some private obligation, *independent of contract,* by which like damage accrues to the individual;' and section 3810, in so far as it refers to private duties flowing from 'relations created by contract, express or implied,' means the same thing.

"Every person who makes a contract of any kind is, of course, under a duty of performing it; but it would never do to hold that every breach of a civil contract, though necessarily in a sense involving a breach of the duty thereby imposed, would give rise to an action ex delicto." Judge Cooley says, after pointing out certain exceptions to the rule, "The rule is general that where contract relations exist the parties assume toward each other no duties whatever besides those the contract imposes." 1 Cooley on Torts (3d ed.), 160. If one seriously doubts whether this is an action ex contractu, the doubt will disappear upon reading the *Spinks* case, supra, and the authorities cited.

There is an important and vital point of difference between the instant case and that of *Freeman* v. *Macon Gas & Water Co.,* 126 *Ga.* 843, 56 S. E. 61, 7 L. R. A. (N. S.) 917. In the latter case it was held that the petition as amended set forth a cause of

action sounding in tort, and the particular tort there alleged was a wilful breach by the defendant company of a public duty which it owed to the plaintiff as a consumer of the water it undertook to supply to the inhabitants of the city. The contract was merely alleged by way of inducement for the purpose of establishing the nature and scope of the duty and liability of the company relatively to the general public. And the corporation against which the suit was brought was in the exercise of a franchise granted by the municipality pursuant to a statute, which conferred upon it the right to use the streets of the city on condition that it would therein lay its mains and furnish the municipality and its inhabitants with a supply of water at a fixed toll. In the case at bar, the defendant is not shown to have owed the plaintiff any duty independent of the contract with him. So far as it appears from the record, the defendant company was not in the exercise of any franchise granted by the municipality, nor was it in any way obligated to serve the public at large, nor the plaintiff as a member thereof.

The plaintiff's action being one ex contractu, as we have seen, upon proof of a breach thereof he would be entitled to at least nominal damages. But in order to recover substantial, compensatory damages, such as were awarded in the present case by the jury, there must be some evidence of actual damages, and the amount thereof. It is even admitted in the brief of counsel that there is no evidence showing that there were "any damages sustained in money," and that being true, the plaintiff has failed entirely to carry the onus of proving the amount of his damages, a burden which the law imposes upon the plaintiff in every such action as the present one. *Clarke* v. *Tel. Co.*, 112 *Ga.* 633, 37 S. E. 870; *Grier* v. *Ward*, 23 *Ga.* 145; *Western Union Tel. Co.* v. *Waxelbaum*, 113 *Ga.* 1017, 39 S. E. 443, 56 L. R. A. 741.

*Judgment reversed. All the Justices concur.*