### DIXON, administratrix *v.* MINNESOTA LUMBER COMPANY.

ATKINSON, J. 1. When, upon the call of a suit pending in the superior court, neither party appeared, and, referring to the case, the judge merely made an entry on the trial docket, "November term, 1904, dismissed for want of prosecution," and the case was stricken from the docket, but no order was ever taken, nor entry made on the minutes, such entry by the judge, without more, was insufficient to accomplish a dismissal of the suit. *Williams* v. *Rawlins,* 33 *Ga.* 117 (10), 123. See also *Greenfield* v. *Vason,* 74 *Ga.* 126 (3).

(a) In a direct proceeding afterwards brought, attacking the validity of the entry and moving the court to re-enter the case upon the docket, it affirmatively appearing from statements in the bill of exceptions, duly certified, that no order of dismissal was taken and entered upon the minutes of court, and that nothing else was done by the judge except as first above indicated, it was erroneous for the judge to refuse to re-enter the case on the docket to be disposed of in accordance with law.

(b) Nothing said here is in conflict with the rulings made in *Clark* v. *Western Union Tel. Co.,* 112 *Ga.* 633 (37 S. E. 870), *Thornton* v. *Perry,* 101 *Ga.* 608 (29 S. E. 24), and *Armstrong* v. *Lewis,* 61 *Ga.* 680. The rulings there made dealt with the entry of the judge merely as evidentiary in character, and held that, there being no direct attack upon the entry and the recitals thereof being presumed to be true, the entries could not be controverted in a collateral proceeding.

*Judgment reversed. All the Justices concur.*

Submitted November 6, 1908.—Decided March 10, 1909.

Motion to reinstate. Before Judge Mitchell. Lowndes superior court. February 10, 1908.

*R. G. Dickerson* and *J. L. Sweat,* for plaintiff.

*S. C. Townsend* and *Wilson, Bennett & Lambdin,* for defendant.