## Higgs v. Higgs.

ATKINSON, J.   A wife instituted suit against her husband "for permanent and temporary alimony for herself and minor children," there being no suit for divorce pending.   Upon the hearing in 1905, both parties consenting, the judge ordered that "temporary alimony" be "granted to the plaintiff, as follows:   Defendant, John F. Higgs, shall immediately remove from and vacate the premises described in the petition, and turn over the same and every part thereof to petitioner, Cornelia Higgs, who shall have the exclusive use, and shall collect, for the exclusive use and benefit of herself and her minor children, the rents, issues, and profits until the final disposition of the case, or until the further order of the court; and that the earnings of the minor, John F. Higgs Jr., be turned over to petitioner, and that the defendant pay the insurance and the taxes on said place.   Ordered further, that the defendant pay to petitioner the sum of $15 as temporary fees, paying one dollar each Saturday, beginning on the 22nd day of July, 1905, until the full sum of $15 is paid."   The petition for permanent alimony was never pressed for trial or determination by the court, but there was entered upon the minutes of the court a pencil memorandum, "Dismissed."   After the filing of the petition for "permanent and temporary alimony," the husband filed a suit for total divorce, and a total divorce was granted him in 1913.   Shortly thereafter one of the children attained his majority, and the other was seventeen years old and at work.   Allegations to the above effect were made in a petition in a separate action instituted by the husband against the wife alone, in November, 1913.   In the action so instituted by the husband, it was prayed:   (a) That the order granting alimony be revised and revoked.   (b) That the deed to the property described in the order for alimony be construed, and that the wife be decreed to have no interest therein, and the property be restored to plaintiff, to the end that he might carry out trusts mentioned therein. The wife was duly served, and filed no answer; but the case was submitted to the judge by consent, to be decided upon the allegations of the petition.   Judgment was rendered refusing the prayers of the petition; and the plaintiff excepted.   *Held:*

1. The allegations of the petition, not having been denied by any answer, are to be taken as true, without the introduction of evidence.   Civil Code, §§ 5539, 5662.

2. The consent order allowing temporary alimony, construed in the light of the Civil Code, § 2976, under which the action for alimony was instituted, contemplates alimony "pending the cause."

(a) There are provisions in the Civil Code, § 2986, to the effect that a wife may institute proceedings in equity against her husband for support, and obtain a decree in a specified manner, "but that such proceeding shall be in abeyance when a libel for divorce shall be filed, bona fide, by either party, and the judge presiding shall have made his order on the motion for alimony, and when so made, such order shall be a substitute for the aforesaid decree in equity, as long as said libel shall be pending

and not finally disposed of on the merits." If this section of the Code is applicable in cases where there is a consent order for temporary alimony under the Civil Code, § 2976, it would not require a ruling in this case that the consent order was supplanted, it not appearing that in the divorce suit any application was made for alimony.

3. The pencil memorandum on the minutes of the court, "Dismissed," without anything to show that it applied to the suit for alimony, or that it was made by one authorized to dismiss the action, was insufficient to show that the action was dismissed. *Dixon* v. *Minnesota Lumber Co.*, 132 *Ga.* 347 (64 S. E. 71).

4. It appearing that the proceeding brought by the wife for alimony had never been finally disposed of, and the consent order not having been modified or terminated by proper proceeding in the case in which it was granted, the allegations in this independent petition to revise and revoke the order granting temporary alimony, though taken as true, did not require the grant of any of the relief prayed for.

*Judgment affirmed. Evans, P. J., and Beck, J., dissent. The other Justices concur.*

AUGUST 11, 1915.

Equitable petition. Before Judge Hammond. Richmond superior court. May 30, 1914.

*Henry C. Roney,* for plaintiff.

*W. Inman Curry,* for defendant.