22610.    MARYLAND CASUALTY COMPANY *et al v.* GILL.

DECIDED APRIL 26, 1933,

*Thomas A. Fry, T. Elton Drake, J. L. Anthony,* for plaintiffs in error.

*Eldon Haldane,* contra.

JENKINS, P. J.  In accordance with section 25 of the workmen's compensation act, and within one year of the alleged injury, the claimant, on February 14, 1928, filed his claim for compensation with the Industrial Commission of Georgia (now the Department of Industrial Relations).  After the case was set for hearing, the attorneys for the claimant addressed the following signed communication to the Industrial Commission, dated March 23, 1928:

"In re: Mack Gill *vs.* Selig Co.

"Industrial Commission of Georgia, Atlanta, Ga.

"Gentlemen:  We are withdrawing above case.  Kindly mark same withdrawn.  Thanking you for past courtesies."

In response to this communication the commission, on March 24, 1928, wrote to the attorneys for the claimant, and sent a copy to the insurance carrier, as follows:

"Claim No. 317-F.  Case of Mack Gill.  Employer, Selig Company.  Insurer, Maryland Casualty Company.

"This will acknowledge receipt of yours of March 23rd, asking that the application for a hearing in the above case be withdrawn.  In accordance therewith this case is being withdrawn from our calendar."

The matter rested until April 4, 1932, more than four years thereafter, when the claimant, through another attorney, addressed to the commission a letter entitled "Request that claim be assigned for hearing," in which he stated that "the above-named parties have failed to reach an agreement in regard to compensation, and request a hearing.  We have been unable to agree because, after notice was given the commission, within 1 year of the first accident, counsel for claimant  .  .  withdrew, and the case remained open on the calendar, after one hearing was passed.  This hearing is to fix amount of compensation due claimant for hernia—which the commission originally intended to pass on, but could not do so because the case lay dormant on the docket."  With this was another communication, material parts of which are as follows: "So if you can give us a quick hearing, it will be greatly appreciated.  The matter

lay on your docket and is still there, after claimant's former counsel withdrew from the case. The record shows that notice was given the then commission on February 14, 1928, and that they set a hearing to determine 'whether operation for hernia' would be necessary. The injury (hernia) occurred on July 5, 1927. The notice to the commission was in time, because within a year of that date. The employer, by its report, shows it knew of the accident within 30 days from July 5, 1927, but the claimant was only given first aid, notwithstanding a double hernia. If his back had been broken, possibly they would have bandaged up his big toe."

The director of the Department of Industrial Relations, passing on the second claim or request for hearing, held that "the claim was filed in time and a hearing was ordered," that the claimant's attorneys, with knowledge of the claimant, "requested that the case be withdrawn," that, "acting upon this request, the case was withdrawn on March 24, 1928," and "nothing further was done until April 5, 1932, when the claimant employed" his present attorney, "and asked for a hearing," that "no affirmative action was taken for more than four years," that "the [original] attorneys representing the claimant in this case are presumed to have acted in perfectly good faith, and the claimant, in our opinion, is bound by their actions, certainly since he has permitted four years to elapse without taking any affirmative action, that "the cause of action, if any, is stale and that the department is without authority to grant another hearing," and that "the claim for compensation is dismissed." The superior court sustained the claimant's appeal from this decision, and held that the case was still pending before the department, and remanded it to that body for a decision on the merits. Writ of error was sued out by the employer and the insurance carrier.

Section 57 of the workmen's compensation act provides that the industrial commission, or any of its members, shall hear the parties at issue and their representatives and witnesses, and shall determine the dispute in a summary manner. It has repeatedly been said that this act, though in derogation of the common law, should be liberally and broadly construed so as to effect its general purpose to afford speedy and inexpensive relief to claimants entitled to compensation. It does not appear that in the administration of the act the technical niceties of pleading and procedure as applied in other courts should be strictly complied with. Consequently the

written notice of claimant by his authorized attorneys (*Glover* v. *Moore*, 60 *Ga.* 189) to the commission, "withdrawing above case," and the acknowledgment by the department, construing the request "that the application for a hearing in the above case be withdrawn," and stating that, "in accordance therewith, this case is being withdrawn from our calendar," amounted to a full and complete relinquishment and withdrawal of the notice prescribed by section 25 of the act, with the result that a belated claim filed more than four years thereafter came too late. The claim as filed being withdrawn in writing, with what amounted to the written consent and acquiescence of the Department of Industrial Relations, no technical "order of dismissal" by the department was necessary. Even if the technical niceties of pleading and procedure required in the superior courts were necessary in the quick and summary hearings before the Department of Industrial Relations, the case of *Dixon* v. *Minnesota Lumber Co.*, 132 *Ga.* 347 (64 S. E. 71), would be inapplicable, since in that case the judge of the superior court made an entry of dismissal on the docket merely on his own motion, without the consent of the plaintiff, and in the absence of both parties.

*Judgment reversed. Stephens and Sutton, JJ., concur.*