## 26568.   COUEY *v.* DURHAM LAND COMPANY.

DECIDED FEBRUARY 5, 1938.

*J. N. Hunter, J. M. C. Townsend,* for plaintiff.
*Rosser & Shaw,* for defendants.

SUTTON, J.   The claimant, on October 27, 1933, filed with the Department of Industrial Relations an application for workmen's compensation on account of alleged injuries incurred on August 28, 1933, but, on January 9, 1934, after dismissing his attorney, notified the department by letter that his claim had been satisfactorily adjusted with him, and directed the department "to dismiss said claim without any trial or hearing." The department, on January 12, 1934, made a notation on the letter that "It is not necessary to answer this letter. However, the full board's attention should be called to the terms of the settlement." No copy of the settlement had at that time been filed with the department,

.and no further action was taken by the department. On December 9, 1935, the claimant, through attorneys employed by him after his dismissal of the first attorney, filed a request for a hearing, and, subsequently, after a hearing, the director made an award of · compensation to the claimant and also awarded certain attorneys' fees, all of which was affirmed by the full board. On appeal to the superior court the award was set aside on the ground that the department was, under the facts of the case, without jurisdiction.

1. The letter from the claimant to the Department of Industrial Relations directing it to dismiss his claim without a trial or hearing and the notation of the department thereon did not work a dismissal of the claim. As the claim was still pending, the department had jurisdiction to make an award thereon, although the request for a hearing was filed more than two years after the injury was sustained. In *Maryland Casualty Co.* v. *Gill,* 46 *Ga. App.* 746 (169 S. E. 245), after the claimant had directed the Department of Industrial Relations to withdraw the claim which he had filed, the department notified the claimant that in accordance with his request "the claim is being withdrawn." In that case it appears that the department, in response to the claimant's direction, ordered the claim dismissed. In the case now before the court the department made no response whatever to the claimant's direction "to dismiss said claim without any trial or hearing." It does not appear, therefore, that the department acquiesced in the claimant's request by dismissing the claim. The judge of the superior court erred in setting aside the award on the ground that the department was without jurisdiction to make it.

*Judgment reversed. Stephens, P. J., and Fellon, J., concur.*

SUTTON, J., dissenting. While I prepared the above decision for the majority of the court, I dissent from the ruling made therein because I am of the opinion that a proper construction of the letter from the claimant to the Department of Industrial Relations directing it to dismiss the claim without any trial or hearing and the notation thereon by the department, and its acquiescence in such request and its failure to act further in the matter, requires a holding that thereby a dismissal of the claim was effected. I think my view in this respect is sustained by the ruling in *Maryland Casualty Co.* v. *Gill,* supra, where a very similar question was raised and in which it was said that "It does not appear

that in the administration of the act the technical niceties of pleading and procedure as applied in other courts should be strictly complied with;" and that "The claim as filed being withdrawn in writing, with what amounted to the written consent and acquiescence of the Department of Industrial Relations, no technical 'order of dismissal' by the department was necessary."