HEAD *et al. v.* YEOMANS, State entomologist.

No. 13093. NOVEMBER 29, 1939.

*I. J. Bussell,* for plaintiffs in error.

*Ellis G. Arnall, attorney-general,* and *E. J. Clower, assistant attorney-general,* contra.

DUCKWORTH, Justice. In cases number 670, 671, and 673 pending in Terrell superior court, being mandamus and injunction proceedings by B. J. Head and American Plant Company as plaintiffs against M. S. Yeomans as defendant, a consent order requiring each party to perform certain acts and enjoining them from performing other acts was entered by the judge on April 28, 1932. In June, 1939, defendant Yeomans filed a petition in the same

court, alleging that the plaintiffs had violated the order of April 28, 1932, and praying that they be adjudged in contempt of court. The plaintiffs filed an answer denying the allegations of Yeomans' petition, alleging that Yeomans had violated the order of April 28, 1932, and praying that he be adjudged in contempt of court. The issue docket of the court showed, in connection with each of the cases, 670, 671, and 673, the following signed entries: "Settled at plaintiffs' costs. . . July adjourned term, 1936." The plaintiffs moved that an order be granted nunc pro tunc, dismissing each of the three cases on the ground that entries of dismissal appeared on the docket in the handwriting of the judge; and that the dismissal order be spread upon the minutes of the court. This motion was denied on July 29, 1939. Yeomans filed a motion to vacate, strike, and set aside the entries appearing on issue docket C, pages 134 and 135, above referred to, alleging that he had never had notice of any application to make such entries of dismissal on the docket; that he had not agreed to them or in any wise acquiesced therein; that he had paid the costs to the clerk in each of said cases, with assurance from the judge that the previous order would continue in force; that plaintiffs had never paid or tendered the costs in said cases, as required by the entries of dismissal; that said entries were invalid, null and void, in that they were not based upon an order duly signed by the judge and entered on the minutes of the court; and that neither of said cases had been settled or dismissed. On July 29, 1939, an order was entered by the judge, sustaining the motion of defendant, and reciting that the entries on the docket were incorrect and that there were no orders supporting such entries, signed by the judge or any other judge of the superior courts of the State and entered on the minutes of said court, and directing the clerk of the court to strike each of the entries from the issue docket as being null and void. The plaintiffs excepted, assigning error upon the rulings stated above.

The entries on the docket of the superior court in the following language, "settled at plaintiffs' costs . . July adjourned term, 1936," when considered as evidence, constitute prima facie proof that the cases referred to have been settled. They are not subject to collateral attack. *Armstrong* v. *Lewis,* 61 *Ga.* 680 (2, 3); *Thornton* v. *Perry,* 101 *Ga.* 608 (29 S. E. 24); *Clarke* v. *Western Union Telegraph Co.,* 112 *Ga.* 633 (37 S. E. 870). It does not

follow, however, that such entries of settlement, without more, constitute a final disposition of the cases. In the absence of a final order of dismissal entered on the minutes of the court, neither of the cases is dismissed. *Baynes* v. *Billups,* 48 *Ga.* 347; *Dixon* v. *Minnesota Lumber Co.,* 132 *Ga.* 347 (64 S. E. 71); *Higgs* v. *Higgs,* 144 *Ga.* 20 (3) (85 S. E. 1041); *Athens Apartment Corporation* v. *Hill,* 156 *Ga.* 437 (119 S. E. 631). There is no conflict in the foregoing rulings. The former simply gives to all records of a court of record absolute verity. It neither directly nor by implication prohibits a correction or change of such record to make it speak the truth, in a direct proceeding instituted for that purpose, but is confined strictly to the holding that such records, until changed in a lawful manner, may not be disputed or challenged; while the second rule defines the legal effect of such docket entries and states the law applicable to a direct proceeding brought for the purpose of changing same. The substance of the two rules combined is that such records can not be collaterally attacked, but that all such records are subject to a direct attack and will be set aside in such direct attack unless supported by a final order entered on the minutes of the court.

This record contains an assignment of error upon a ruling made in a direct attack on the docket entries of the trial court. The Code, § 24-104, par. 6, in enumerating the powers of courts, declares that every court has power "to amend and control its processes and orders, so as to make them comformable to law and justice; and to amend its own records, so as to make them conform to the truth." This power of the courts to amend their records is again asserted in § 81-1202, where it is declared that "It is a power incident to all courts to correct their own proceedings before final judgment." If the docket entries here involved did not speak the truth, there can be no doubt of the authority and the duty of the trial court, in a proper proceeding, to so alter or amend them as to make the record speak the truth. See *Beecher* v. *Carter,* 189 *Ga.* 234 (5 S. E. 2d, 648). It is admitted that no final order of settlement was entered on the minutes in either of the cases involved; and under the rules of law as above stated, the docket entries reciting that the cases had been settled did not as a matter of law speak the truth. The same questions presented by this record were before this court in *Baynes* v. *Billups,* supra. The docket entry there involved was as follows:

"Dismissed by order of plaintiff's attorney, October term, ∴ .0."
The docket showed also that the clerk's costs had been paid. ᵗʰe
August term, 1872, the plaintiff moved to set aside the doᶜ en-
try, on the ground that it was an error and was unauthorizeˑ Ꭲhe
trial court sustained this motion. The defendant moved ᵗɩ ,ₜter
judgment of dismissal nunc pro tunc, which motion was ɾˑↄ ed;
and the defendant excepted to both rulings. This court, iᵣ ɣˑ ｨrm-
ing the judgment, said: "In our judgment, it was the proviᴢↄ⸴,and
duty of the court to control the entries on its own docket, ᵢd, if
erroneously made, to have the same corrected, which the cᵣᶠ ᶜt did
by reinstating the case on the docket." That decision is controlling
on the questions presented by this record.

*Judgment affirmed. All the Justices concur.*