313 P.2d 335

Stanley E. WHITEHEAD, Plaintiff-Appellee,

v.

John ALLEN and Claude Allen, doing business as AAA Alfalfa Milling Company, Defendants-Appellants.

No. 6190.

Supreme Court of New Mexico.

July 2, 1957.

Frazier & Cusack, Roswell, for appellants.

Bean, Osborn & Snead, Roswell, for appellee.

SADLER, Justice.

The defendants below as appellants in this Court complain of a judgment against them entered on a jury's verdict for the sum of $833.20, made up of $333.20, actual damages and $500 punitive damages.

The action was one by plaintiff against the defendants to recover damages for breach of a contract for the purchase by defendants from plaintiff of 122 acres of alfalfa to be harvested, dehydrated and processed by the defendants. The agreement was entirely oral and under its terms the defendants were to pay the plaintiff $14 per ton, processed weight. Proceeding under the agreement the defendants harvested the alfalfa from 22 acres of the plaintiff's land and made payment therefor at the agreed rate. This took place on or about July 24, 1955. Later and on or about August 5, 1955, the defendants harvested the alfalfa from the remaining acreage contracted for, but declined to pay plaintiff for the quantity of hay actually harvested and processed. So ran the allegations of plaintiff's first cause of action, to plaintiff's damage in the sum of $2,450 for which judgment was prayed.

In a second cause of action the plaintiff after adopting all the allegations in first cause of action, went on to charge deliberate fraud on defendants' part in falsifying weight records and otherwise setting out on a scheme to cheat, injure and defraud plaintiff of his alfalfa crop. Damages were laid in the same amount and, in addition, punitive damages were sought in the sum of $7,350.

The defendants answered alleging tender to plaintiff of a check for $1,346.80, being amount due for the hay processed off the 100 acre tract based on records of hay processed, as defendants alleged, which check plaintiff had retained until after filing his original complaint when it was returned to defendants. Except as admitted the defendants entered a general denial to remaining allegations of plaintiff's amended complaint.

When the plaintiff rested at the trial the defendants moved for a directed verdict in their favor except as to the $1,346.30 which they had tendered into court. This motion the trial court denied. Thereupon, the defendants moved that the plaintiff be required to elect whether he intended to proceed on the first cause of action for breach of contract and for compensatory damages only; or, whether his counsel would choose to rely upon the second cause of action said to be for tort.

Whereupon counsel for plaintiff announced to the court the plaintiff would stand on the first cause of action and eliminate paragraph 6 of the second cause of action in which compensatory damages in the same amount laid in first cause of action were sought; but, that he would preserve for submission to the jury as a basis for punitive damages the allegations of second cause of action showing a wilful and malicious breach of the contract relied upon in the first cause of action. The trial court responded:

"The Court: The election will be permitted and be submitted to the jury on the election of the plaintiff."

While agreeing that the method employed to make an election was undoubtedly cumbersome and clumsy, we think it fairly emerges from the record that what the plaintiff's counsel was endeavoring to do was to preserve from his second cause of action for application to his first cause of action the necessary allegations, essential to entitle him to go to the jury on a claim not only for compensatory damages, but for punitive damages, as well, on the doctrine that where a breach of contract is accompanied by a fraudulent act, or is maliciously intentional, punitive damages are recoverable in an action for breach of contract.

The forgoing recital gives a fair picture of the nature of this action, and the issues tried below. We may add that the jury actually found the issues in favor of the plaintiff, both as to the agreement, its breach and the deliberate and intentional fraud committed by the defendants in an effort to cheat and defraud the plaintiff, as reflected by their verdict awarding him punitive damages in the sum of $500.

■■ The very fact that punitive damages were awarded became one of the major issues litigated below and the trial court's action in submitting the issue to the jury is made the chief assault upon the judgment reviewed in this Court. Counsel for defendants quote the general rule, with which we have no quarrel, that, ordinarily, punitive damages are not recoverable in an action for breach of contract, citing 15 Am.Jur. 708, § 273, "Damages." In this state, however, we have recognized the right to an award of punitive damages in

an action for breach of contract, if the breach is accompanied by a fraudulent act, wanton in character and maliciously intentional. See, Stewart v. Potter, 44 N.M. 460, 104 P.2d 736, 740, where we said:

"Ordinarily punitive damages are not allowed for breach of contract, but *there are exceptions to this rule where the breach of contract is accompanied by a fraudulent act.* 7 Blashfield Cyc. of Automobile Law, Permanent Edition § 4336, p. 189. Such damages are allowable where the wrongdoing is aggravated, wanton, or maliciously intentional. 24 Am.Jur. 51." (Emphasis ours.)

At the trial, the court instructed the jury that punitive damages were allowable for breach of contract where the wrongdoing accomplishing the breach is aggravated, wanton and maliciously intentional. Applying the doctrine to the facts, the court charged the jury if they found defendants made, or caused to be made, a falsification of the weight records of plaintiff's hay, and did so with intent to cheat or defraud him, then they had a case authorizing the award of punitive damages. We see nothing wrong with these instructions. See, also, McCormick on Damages, p. 286, § 81; Odell v. Humble Oil and Refining Co., 10 Cir., 201 F.2d 123; Holland v. Spartanburg Herald & Journal Co., 166 S.C. 45, 165 S.E. 203, 84 A.L.R. 1336. The trial court did not err in submitting the issue of punitive damages.

Ancillary to the question of punitive damages the defendants were each questioned concerning the net worth of each. The sole objection to the question in each instance was that since punitive damages were not properly an issue in the case, it was error to interrogate defendants concerning their financial worth. Their counsel admit the questions were proper if the issue of punitive damages was properly before the jury. We have held the issue was in the case and properly submitted. The trial court did not err in overruling the defendants' objection to questions touching their financial worth.

The jury was adequately instructed on the issues presented. The verdict is based upon substantial evidence. The defendants are fortunate, indeed, in not having suffered a much heavier award of punitive damages than that returned against them. The fraud proved to the jury's satisfaction would have justified a larger award. The judgment in plaintiff's favor is proper and should be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE, COMPTON and KIKER, JJ., concur.