527 P.2d 798

**STATE FARM GENERAL INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Doris M. CLIFTON, Defendant-Appellant.**

**No. 9931.**

Supreme Court of New Mexico.

Oct. 18, 1974.

Gallagher & Ruud, Albuquerque, for defendant-appellant.

Klecan & Roach, James T. Roach, Albuquerque, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

The plaintiff, State Farm General Insurance Company (hereinafter called "the Company"), brought an interpleader action alleging that it was the insurer of a residence in the amount of five thousand dollars ($5,000), and requested a determination of entitlement to the proceeds of the policy between the contract sellers and the contract buyers under a real estate contract for the sale of said residence located in Albuquerque, New Mexico. The parties to the contract were Mr. and Mrs. Richard C. Clifton, as sellers, and Mr. and Mrs. Bensslow Baca, as buyers. Mrs. Clifton, then being divorced, filed a counterclaim against the Company for punitive and general damages alleging, in general, unreasonable delay in payment of the loss. The punitive claim was dismissed, and the claim for general damages proceeded to the jury.

The proceeds of the policy, in the sum of five thousand dollars ($5,000), were awarded to Mrs. Clifton.

The damaging fire occurred on April 25, 1970. The interpleader action was filed April 5, 1971. Mrs. Clifton obtained her husband's interest in the subject property by divorce decree and a quitclaim deed. The real estate contract in escrow between the Cliftons and the Bacas was terminated by default in payments. The documents recorded in the County Clerk's office in Bernalillo County on March 25, 1971, showed four parties with an interest in the property.

The appellants offer two points on appeal, the first of which reads:

"The trial court erred in granting a directed verdict."

Appellants claim entitlement to go to the jury on a theory of breach of contract or on a tort theory for unreasonable delay in paying the proceeds of the insurance contract. As to the aspect of recovery based on breach of contract, damages recoverable under this theory are those damages contemplated by the parties at the time of making the contract. Mitchell v. Intermountain Casualty Company, 69 N.M. 150, 364 P.2d 856 (1961); Annot. 47 A.L.R.3d 314 (1973). None of the claimed damages were the natural and foreseeable consequences of the claimed breach, and, thus were not within the contemplation of the parties. Therefore, we hold that an action based on breach of contract does not lie.

This leads us to decide whether or not an action in tort will lie, based on unreasonable delay by the Company in making payment. This tort, although not specifically recognized before in New Mexico, is alluded to in Mitchell, supra. In determining whether an action will lie in this instance, we rely on the guidelines set out in Mitchell, supra, where we quoted from Milledgeville Water Co. v. Fowler, 129 Ga. 111, 58 S.E. 643 (1907), stating, at 69 N.M. p. 154, at 364 P.2d p. 859:

" 'Mere breach of a contract cannot be converted into a tort by showing that failure to perform upon the part of the one committing the breach had resulted in great inconvenience, trouble, annoyance, and hardship to the other party to the contract.'

"Mere delay or failure of the insurer in making the repairs or disputing the extent of the insurer's obligation under its contract does not give rise to a tort action. * * *"

In the cause before us, the insurance policy was assigned to the Bacas under the real estate contract with Richard Clifton as the named mortgagee. Between August 1, 1969, and March 25, 1971, the only records available reflect that four parties had an interest in the property by virtue of the real estate contract. No change in that status was shown until the latter date, when all of the deeds in escrow were recorded. To add to the confusion, there were recorded a special warranty deed from the Bacas to the Cliftons and, as well, a warranty deed from the Cliftons to the Bacas. In addition, the quitclaim deed from Clifton to Mrs. Clifton was also recorded.

█ Baca asserted an equity interest in the property, thereby implying an interest in the proceeds, but he did not claim the proceeds. While the conclusion concerning the payment of the insurance policy proceeds took some time, the evidence was substantial in accounting for delay. The actions of the adjustor for the Company seem natural in the light of several claim-

ants to the proceeds, the absence of Baca after his claimed interest in a portion thereof, and the failure to file the substantiating documents with the county clerk. In order to recover damages in a tort action under the facts in this case, there must be evidence of bad faith and/or a scheme to obtain some fraudulent purpose. Richardson v. Employers Liability Assurance Corp., 25 Cal.App.3d 232, 239, 102 Cal.Rptr. 547, 552 (1972); Merrin Jewelry Co. v. St. Paul Fire and Marine Ins. Co., 301 F.Supp. 479 (S.D.N.Y.1969), and Leonard v. Firemen's Insur. Co. of Newark, N. J., 100 Ga.App. 434, 111 S.E.2d 773 (1959). In 3 J. Appleman, Insurance Law and Practice, § 1612, "bad faith" has been defined as meaning, "any frivolous or unfounded refusal to pay; it is not necessary that such refusal be fraudulent." The record here does not disclose any such type of evidence.

█ Viewing all evidence before us in the light most favorable to Mrs. Clifton, as is required under our recent opinion in Archuleta v. Pina, 86 N.M. 94, 519 P.2d 1175 (1974), we hold that the trial court was correct in granting the Company's motion for a directed verdict. Given the set of facts before us with the controversy over the entitlement to the proceeds of the policy, an insurance company is justified in taking reasonable time and measures necessary to establish which party is entitled to the proceeds. The Company's actions here were reasonable and proper under the circumstances.

Appellants' second point states:

"The trial court committed error in granting summary judgment on Mrs. Clifton's claim for punitive damages."

█ Punitive damages can be awarded in a breach of contract action in New Mexico, but there must be a showing of malice or of reckless or wanton disregard of plaintiff's rights. Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967); Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966); Whitehead v. Allen, 63 N.M. 63, 313 P.2d 335· (1957).

 Inasmuch as the moneys for the total proceeds of the fire insurance policy were eventually paid Mrs. Clifton and in view of our holding that bad faith or fraud were not present, it would be improper to assess punitive damages.

The judgment of the trial court is affirmed.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.