In re Ronald Eugene KLOTZ and Patricia Darlene Klotz, a/k/a Patricia Darlene Becker, d/b/a P.J.'s Family Restaurant, Employer ID # 85–0277873, Debtors.

Steve H. MAZER, Trustee, Plaintiff,

v.

TRI–SQUARE INVESTMENTS, Francis L. Castillo, Roy Lemons and Billy Chastain, Individually, Defendants.

Bankruptcy No. 7–83–01403 MA.
Adv. No. 84–0042 M.

United States Bankruptcy Court,
D. New Mexico.

May 23, 1985.

Steve H. Mazer, Albuquerque, N.M., for plaintiff.

Earl R. Norris, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court for trial on the merits based on the trustee's complaint for turnover of the proceeds from a sale of real and personal property.

Debtor and Tri-Square Investments entered into a lease agreement on June 1, 1980. This lease was for the premises on which P.J.'s Family Restaurant operated and required monthly payments of $1,850.00.

Pursuant to the original lease, Tri Square was given a first lien upon all personal property of the lessee which was located in the leased premises. Further, the lease provided that lessee was to return the leased premises in as good condition as when the lessee obtained possession, except for reasonable wear and tear.

In June 1983, the Klotzes abandoned the premises and breached the lease agreement without notice to Tri-Square. Tri-Square re-entered the premises and on June 24, 1983, commenced a civil action in Valencia County District Court for breach of the lease and to foreclose on its landlord lien. On August 5, 1983, Tri-Square obtained a default judgment against the Klotzes for the balance of rent due on the lease, attorneys' fees and costs and foreclosed the landlord's lien on the goods, chattels, and other property belonging to the Klotzes and located on the premises.

The lessor then listed and sold the real estate which is the subject matter of the lease agreement. The sale closed on September 14, 1983. The property sold for $250,000.00 of which $15,000.00 was attributed to the purchase of equipment on the property. The disposition of this $15,000.00 is the dispute currently before this Court.

The trustee brought suit against Tri Square to recover the balance of the $15,000.00, after back rent and reasonable costs. It is for this Court to decide the amount of damages to be paid to Tri-Square.

The parties have agreed that several of the items are properly payable from the $15,000.00. They are as follows:

| | |
|---|---|
| Actual lost rent | $4,563.33 |
| Roof Repairs | 4,302.75 |
| Attorney Fees | 702.34 |
| Locksmith | 64.96 |
| Unpaid Utilities | 282.02 |
| Interest | 57.04 |
| For Sale Sign | 35.00 |
| Mileage | 462.50 |
| Total | $10,469.94 |

Remaining for this Court to decide are whether the commission for the sale of the real and personal property and the closing costs are proper elements of damages. Tri-Square argued that it is entitled to set off the entire commission of the broker on the sale of the real estate in the amount of $2,500.00 and the closing costs of $1,334.00 as costs incurred in mitigating their damages for breach of the lease.

The trustee argued that Tri-Square is only entitled to offset that portion of the real estate commission which is attributable to the sale of the personal property (1% of $15,000.00 or $150.00) and that none of the closing costs should be allowed as an offset because they were substantially documented as costs for a real estate title insurance policy. The Court agrees with the trustee's position on both the sales commission and the closing costs.

In arriving at this conclusion, we must look to the lease agreement to see what the parties bargained for. Special damages of the vendor do not, of course, include any items of expense he would have

had even had the contract been fully performed. D. Dobbs, Handbook on the Law of Remedies (1973) § 12.11 at p. 853. Had the Klotzes fully performed on the lease, Tri-Square would not have been entitled to closing costs if they decided to sell the property at the expiration of the lease. It should not be entitled to the closing costs now since it was Tri-Square's decision to sell the property as opposed to re-leasing it. Damages recoverable for breach of contract are those damages contemplated by the parties at the time of making the contract. *State Farm General Insurance Company v. Clifton*, 86 N.M. 757, 527 P.2d 798 (1974).

The costs of the sales commission, for the same reasons stated above should be allowable expenses only as to that portion attributed to the sale of the personal property. The lease agreement provided that the landlord had a lien on the personal property within the premises. It is foreseeable and reasonable that if the lessee breached the lease agreement that the lessor would foreclose on the personal property and that costs would be involved in effecting the sale.

█ The purpose of damage awards in breach of contract cases is to compensate the injured party for loss occasioned by the conduct of the breaching party, not to penalize the wrongdoer or to allow plaintiff to recover a windfall. *Farmers and Bankers Life Insurance Company v. St. Regis Paper Company*, 456 F.2d 347 (5th Cir. 1972) at p. 351. Thus it is this Court's opinion that the Klotzes are responsible for the commission paid on the sale of the personal property in the amount of $150.00. This fairly compensates Tri-Square for the costs of foreclosure on the personal property and yet does not unfairly penalize the Klotzes.

Therefore, the trustee is entitled to $4,380.06.

This memorandum opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052

An appropriate order shall enter.