Arnold *vs.* Kendrick.

---

HUGH P. ARNOLD, plaintiff in error, *vs.* A. H. KENDRICK, administrator, defendant in error.

1. An order of the Judge of the Superior Court, dismissing a suit pending in said Court, is not void because the reason given in the order is not a good legal reason.

2. When a suit was dismissed by an order of the Judge, and it appears that the Judge was mistaken in the fact upon which his judgment of dismissal was based, and the plaintiff made no motion to reinstate, until the second term after the dismissal, and he shows no excuse for his delay in looking after his cause, he is too late to move to reinstate, and especially is this true if he have notice of the dismissal shortly after the order was passed.

3. If a pending suit be dismissed by an order of the Court, and it appears that the ground mentioned in the order is untrue in fact, and a motion to reinstate shows upon its face, that though the reason given was not true, yet that there was in fact a good reason subsisting at the time

why the case should have been dismissed, there is no error in refusing to reinstate.

WARNER, C. J., dissented.

Practice in the Superior Court. Judgment. Immaterial error. Pleading. Before Judge CLARK. Sumter Superior Court. April Term, 1873.

This case arose upon the issues formed in the following motion:

"SUMTER SUPERIOR COURT,
"October Term, 1872.

"It appearing to the Court that on the 22d day of December, 1869, Hugh P. Arnold, by his attorneys, Hines & Hobbs, filed his action of complaint in this Court returnable to the April Term, 1870, against A. H. Kendrick, administrator of James H. Ravens, deceased, upon a promissory note dated February 20th, 1861, and due March 1st, 1862, for $2,140 00, payable to H. P. Arnold or bearer, and on which note said James H. Ravens' name appears as security for one Robert White, principal, and to which action the defendant filed, on April 12th, 1870, his plea of the general issue: that at the October adjourned term, 1871, on the 13th of December, the following order was taken:"

"HUGH P. ARNOLD vs. A. H. KENDRICK, administrator.

"It is ordered by the Court that the above suit be dismissed for want of payment of taxes.
(Signed)    "J. M. CLARK,
"*Judge S. C. S. W. C.*"

"It is, on motion of plaintiff's counsel, ordered that the said A. H. Kendrick, administrator, show cause on to-morrow morning, or as soon as counsel can be heard, why said order should not be set aside, and said cause be set for trial on its merits at the next term of this Court, on the following grounds:

"1st. That there was an affidavit of taxes paid filed in said cause on April 7th, 1871, and therefore the ground upon which said order was granted was not true.

Arnold *vs.* Kendrick.

" 2d. That the plaintiff had no notice of the motion to dismiss.

" 3d. That the Act requiring the payment of taxes is contrary to the Constitution of the United States and of the State of Georgia.

" 4th. That the plaintiff having been ignorant of this order until this term of the Court, the motion to reinstate could not have been sooner made. That the plaintiff's attorneys were present at the October term, 1871, of the Court, with the intention of pressing said case, when N. A. Smith, Esq., of counsel for defendant, made a proposition to settle said case, which they agreed to submit to their client, and did so, and pending these negotiations, without notice to them, this order was taken."

This motion was supported by affidavit of counsel.

The answer of the defendant set up the following facts: The case was called in its regular order. There was no entry of an affidavit of payment of taxes having been filed on the Judge's docket, and there was no proof that taxes had been paid offered, when counsel for defendant took said order, no one objecting. Soon after the dismissal of the cause, counsel for defendant informed one of the counsel for plaintiff of the fact, who replied that he was glad of it, or that it was right, as the plaintiff had refused a fair offer of compromise. This conversation occurred before the last April term of the Court. The proposition to compromise, referred to in said motion, was made as follows:

Before the commencement of said action, or soon thereafter, defendant believes in February, 1870, he being anxious to settle and compromise all claims against the estate, directed his attorney, N. A. Smith, to go to Albany and see plaintiff's attorneys in reference to the note on which suit was commenced. Said attorney requested said Smith to make a written statement of his proposition to compromise, which was done. They subsequently informed him that said proposition had been refused. This occurred long prior to the dismissal

of said suit.   No other terms of compromise were ever offered by the defendant, or by any one authorized by him.

This answer was also supported by affidavit of counsel.

The motion was refused and the movant excepted.

HINES & HOBBS; HAWKINS, GUERRY & HOLLIS, for plaintiff in error.

N. A. SMITH; C. T. GOODE, for defendant.

McCAY, Judge.

At the October adjourned term of Sumter Superior Court, the Judge passed an order dismissing a suit there pending, for reason, as stated in the order "want of payment of taxes." At October term, 1873, the plaintiff moved to reinstate.   1st. On the ground that the order was void.   2d. Because it was based on a mistake of fact, as an affidavit of taxes paid was filed.   3d. The plaintiff's counsel was absent from Court at the time, and did not know of the order dismissing until the present term; and, that at the time of the dismissal, there was an offer of compromise pending, made by the defendant's counsel.

In reply to the motion to show cause, the defendant set up: 1st. That the order was not void.   2d. That there was no pending offer of compromise; that the offer had been made and declined in 1870.   3d. That plaintiff's counsel had express notice of the order in a few weeks after it was taken, and then expressed himself glad of it, as a fair offer of compromise had been refused.

This showing was supported by evidence at the hearing. The Court refused the motion and the plaintiff excepted.

There can be no queston is this case as to the jurisdiction of the Court passing this order, both over the parties and the subject matter.   The matter was the dismissing of a pending suit, and the party complaining was the plaintiff in this suit. It is admitted that every Court has jurisdiction over the question whether or not a suit pending in the Court shall be dis-

missed. It is admitted that if no reason appeared on the face of the judgment, the order of dismissal would be conclusive after the term. It follows, therefore, that the only reason for setting aside the order is that it appears, on its face, to have been passed by the Judge for a reason not supported by law. In other words, the Court erred in passing the order, and his error was an error of law. By the Constitution of this State, the errors of the Judges of the Superior Courts are to be corrected by the Supreme Court by writ of error. By section 4191 of the Code, either party may except to any decision, sentence or decree of the Judge of the Superior Court, and bring it to this Court for review and correction. And by section 2870, it is provided that "all writs of error must be sued out within thirty days from the adjournment of the Court where the decision complained of was made, or if made at Chambers, from the time of the decision."

There is, and there can be, no dispute, that it was within the jurisdiction of the Judge to dismiss this suit. Indeed, it is admitted that if he had given no reason for his decision on the face of it, and the party complaining had failed to sue out his writ of error in thirty days, he would have been barred. The statute says *all* writs of error shall be sued out within thirty days. What right has any one to say that this only applies to such errors of the Judge as do not appear on the face of his decision? Until a Court has adjourned, all its judgments are open to inquiry; but after it has adjourned, if there be any complaint of *an error of law, committed by the Judge,* this Court and this Court alone, can review and correct it. There is but one exception to this rule, and that is, a motion for a new trial, setting forth extraordinary circumstances to *excuse the delay.* In such cases the Code, sections 3667 and 3670, allows application to be made after the judgment.

Was this order dismissing the plaintiff's suit a decision, sentence or decree of the Superior Court? Would a writ of error have been a proper means to correct it? Is any excuse shown why the party complaining did not move to correct it

Arnold *vs.* Kendrick.

at the term at which it occurred? If these questions must be answered, the first two in the affirmative and the last in the negative, it must follow that the party complaining is barred by his own neglect and *laches*.

The only question *in this case* that presents to my mind any matter for hesitation is, whether or not the present movant has shown an excuse for not moving at the term. It appears that his counsel was absent; but under the proof, the Judge has decided that his absence was without excuse, and I think the evidence supports the Judge's decision. Indeed, the showing of Mr. Hines, on this point, is itself very inconclusive.

As to the mistake of fact by the Judge, in dismissing the case, the same reasons apply. If the plaintiff was absent without excuse, at the term, I doubt if he could move at a subsequent term. But there is proof here that he was informed of the decision and order of the Judge shortly after it was made. Even after this, he gives no reason why he did not look after his case at the next term. He fails to move until the second term after, and is thus not even within the rule which allows one to move for a new trial after the term, on giving extraordinary reasons for his delay in not moving at the term, or even at the next term. It is, therefore, my opinion:

1. That this order was in the jurisdiction of the Court, to hear and pass upon, and that it is not void because it gives as the reason of it, a fact which is not a legal reason.

2. That in the nature of it, it was a decision, judgment, sentence or decree of the Judge of the Superior Court, and, therefore, the subject matter of a bill of exceptions.

3. No motion having been made to alter or correct it during the term, and no good excuse being given for this failure, and no bill of exceptions having been filed within thirty days, as required by law, the party complaining is barred by his own *laches*, and is conclusively presumed, for reasons best known to himself, to have acquiesced in the order.

Judgment affirmed.

Arnold vs. Kendrick.

TRIPPE, Judge, concurring.

1. Where, at the October term, 1871, a case is called on the docket in its regular order, and plaintiff's counsel is absent and not represented, and the Court dismisses the case, assigning in the order of dismissal as the reason therefor, the non-payment of taxes : Held, that as the case was not prosecuted, and it was the duty of the Court to dispose of it when called for trial, there was a good and sufficient ground for the order, to-wit: for want of prosecution, and it is sufficient to sustain the judgment of dismissal, although not recited in the order.

2. If on the hearing of a motion to reinstate the case, because, amongst other reasons assigned, it was improvidently dismissed, there is evidence sufficient to authorize the Court, in the exercise of its discretion, to hold to the contrary, and that in addition to the absence of plaintiff's counsel, without leave of the Court, when the case was called, there is testimony that counsel for plaintiff was notified of the dismissal in two weeks afterwards, expressed satisfaction that it was done, and no steps were taken to reinstate for more than a year, it was no abuse of the discretion of the Court in refusing the motion.

WARNER, Chief Justice, dissenting.

On the 22d day of December, 1869, the plaintiff instituted his suit in the Superior Court of Sumter county against the defendant on a promissory note, dated in 1861, for the sum of $2,140 00.

At an adjourned term of the Court, in December, 1871, it was "ordered and adjudged by the Court that the said suit be dismissed for want of payment of taxes."

At the October term of the Court, 1872, the plaintiff made a motion to set aside this pretended judgment of dismissal, and to have his case reinstated on the docket of the Court; in other words, he made a motion to reinstate his case upon the docket of the Court, treating the pretended judgment of dis-

missal of the case for *the cause apparent on the face of it*, as a nullity. This motion was refused, and the plaintiff excepted.

It is not pretended that the plaintiff's debt was barred by the statute of limitations applicable to promissory notes, at the time of the commencement of the suit. But for this pretended judgment of dismissal for the non-payment of taxes, as the sole ground therefor, the plaintiff would have been entitled to have collected his debt from the defendant, unless he had a valid, legal defense thereto, independent of the statute of limitations. What is it then that prevents the plaintiff from prosecuting his suit in the Court in which it was rightfully instituted in time, in accordance with the laws of the land? It is this pretended judgment of dismissal before recited, this nullity which the Court below *galvanizes* into a valid, subsisting legal judgment that took his case off of the docket of the Court, and now keeps it off, and nothing else. If the Court below had not galvanized this pretended judgment, this nullity, into a valid, subsisting judgment, and made it operative as such to take the plaintiff's case off the docket of the Court, and as standing in his way now to keep it off, there would have been no necessity for the plaintiff to have made a motion to set it aside and get it out of his way. The plain fact is, that if this pretended judgment, this nullity which the Court below, by some process unknown to the law, galvanizes into a valid legal judgment, and then makes it stand in the plaintiff's way, by refusing to set it aside out of his way, and so long as this galvanized nullity in the form of a judgment shall be allowed to remain and have the effect of a valid judgment, as it was held to be by the Court below, the plaintiff is remediless. It is this pretended *galvanized nullity*, this void judgment which hurts the plaintiff and keeps his case off the docket of the Court, and, in my judgment, he has the right, under the provisions of the Code, to make a motion to have it set aside and removed out of his way at any time within seven years from the date of its rendition, for the reasons expressed in my dissenting opinion in *Tison vs. McAffee.*

Arnold *vs.* Kendrick.

It is not a good reply to the plaintiff's motion to set aside this pretended void judgment out his way and to have his case re-instated, that the note on which the suit was instituted in December, 1869, is *now* barred by the statute of limitations; it was not barred when the plaintiff's suit was commenced thereon, which was dismissed out of Court by this pretended void judgment, and the plaintiff's rights in respect to the statute of limitations running against the note, are to be viewed and considered, just as the same existed when his case was dismissed out of Court by this pretended void judgment, and not as the same existed at the time the motion was made.

The plaintiff's suit was commenced in time under the provisions of the Limitation Act of 1869, and it is not his fault that it is not now pending on the docket of the Court where it was rightfully entered in accordance with the law of the land, and where it would have remained until a final trial, but for this pretended void judgment by which it was dismissed therefrom, and which now keeps it off of the docket by being galvanized by the Court below into a living, effective judgment for that purpose, and thus deprives the plaintiff of his plain legal rights. The only question is whether it was error in the Court below in recognizing this void judgment dismissing the plaintiff's case, for the causes apparent on the face of it, as a valid subsisting judgment standing in the plaintiff's way of having his case reinstated, or whether it should have been treated as a nullity by the Court, and the plaintiff's case reinstated on the docket where, by law, it was rightfully entered for a hearing and trial.

In my judgment, the Court below should have granted the plaintiff's motion to reinstate the case, on the ground that the order and judgment of the Court, made at the December term, 1871, dismissing it for want of payment of taxes, was null and void, and if, in the opinion of the Court below, that pretended judgment stood in the plaintiff's way of having his case reinstated, then it should have granted an order to set it aside, and that the plaintiff was not barred of his right to make the motion at the time he did, by any statute of limi-

tations of this State applicable thereto, or by any want of diligence on his part, in view of the facts disclosed in the record.

I am, therefore, of the opinion that the judgment of the Court below should be reversed.