DURDEN *v.* DURDEN.

No. 13401.   December 3, 1940.   Rehearing denied December 13, 1940.

406

*Howard, Tiller & Howard,* for plaintiff.

*Philip Etheridge* and *Morgan Belser,* for defendant.

ATKINSON, Presiding Justice.  ■  A judgment for permanent alimony, rendered without jurisdiction of the subject-matter, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it.  Code, § 110-709; *Allen* v. *Baker,* 188 *Ga.* 696 (4 S. E. 2d, 642).

■  Jurisdiction of the subject-matter of a suit for permanent alimony depends on existence of the marital relation at the time the action is instituted.  *Allen* v. *Baker,* supra.  If after the court had acquired jurisdiction in a suit for permanent alimony, as in the instant case, the defendant moved to another State, where pending the action for alimony he sued for and obtained a final decree of divorce (*Durden* v. *Durden,* 184 *Ga.* 421, 191 S. E. 455), and after such divorce the suit for alimony in this State was dismissed, and more than six months thereafter another suit for alimony was instituted in the same court in which a judgment for permanent alimony was granted, such judgment under principles stated above is subject to collateral attack by a plea in bar interposed to a peti-

tion for attachment as for a contempt of court for failure to pay alimony as required by the judgment. Where the plea in bar alleged facts substantially as stated above, and that the judgment granting alimony was a mere nullity and void on the ground that the court was without jurisdiction of the subject-matter, it was not erroneous to refuse to strike the plea on general demurrer.

■ On the further trial in the action for contempt of court, there was no error in admitting evidence of divorce granted in the State of Alabama, over the objection that it was irrelevant.

■ In addition to all that is stated above as to the substance of the pleadings and the evidence in relation to alimony in this State, and divorce in the State of Alabama, it further appeared without contradiction, on the trial for contempt of court, substantially as follows: The decree of divorce was obtained in Alabama in 1933. The suit for alimony in Fulton superior court (case numbered 91582) was dismissed for want of prosecution, March 29, 1935. On April 21, 1936, the same plaintiff instituted in the same court an alleged "renewal" suit for alimony, (case numbered 111507). To this suit the defendant pleaded dissolution of the marital relation by the Alabama decree of divorce. During the progress of case 111507, at suggestion of the judge to avoid embarrassment to defendant and his second wife, who had married after the divorce in Alabama, the parties consented in writing, and the judge so ordered on February 8, 1938, that the judgment of March 29, 1935, dismissing suit 91582 be set aside and vacated, and that the case be reinstated. The order provided that evidence already introduced be considered as introduced in the case so reinstated, and that the jury render a verdict as though they were considering case 111507. It was further agreed that the matter of allowance and amount of alimony should be submitted to the jury, and that after the verdict the judge should direct a separate verdict finding that the divorce rendered in Alabama is "lawful and valid." In pursuance of this agreement and order the question of allowance and amount of alimony was submitted to the jury. A verdict was returned, awarding to the plaintiff alimony in a stated sum "until she should die or remarry." The judge directed a verdict sustaining the lawfulness and validity of the Alabama decree of divorce. A judgment was entered on each verdict, on February 8, 1938. It appeared in the contempt case that the respondent was $440 in arrears in the

payment of alimony, no payment having been made since May, 1939. After introduction of uncontradicted evidence as indicated above, the judge, trying the case without a jury, sustained the plea in bar, and adjudged the defendant not in contempt of court. *Held:*

(*a*) Irrespective of whether or not it was in the discretion of the judge to set aside the judgment of dismissal and to reinstate the first action after the term (*Vanzant* v. *Arnold,* 31 *Ga.* 210; *Brooks* v. *Brooks,* 175 *Ga.* 313, 165 S. E. 106), such order, to which there was no exception, was within the jurisdiction of the court. The order of reinstatement relates to the institution of the first suit for alimony, which was filed before interruption of the marital relation by the divorce obtained in Alabama. Accordingly the grant of alimony, to which there was no exception, was not void for want of jurisdiction as to the subject-matter.

(*b*) The above ruling does not conflict with the decisions in the following cases. *Miraglia* v. *Bryson,* 152 *Ga.* 828 (111 S. E. 655); *Alley* v. *Halcombe,* 96 *Ga.* 810 (22 S. E. 901); *Watkins* v. *Brizendine,* 111 *Ga.* 458 (36 S. E. 807); *Austin* v. *Markham,* 44 *Ga.* 161; *Waller Inc.* v. *Clarke,* 132 *Ga.* 830 (64 S. E. 1096); *Arnold* v. *Kendrick,* 50 *Ga.* 293; *Lott* v. *Waycross,* 152 *Ga.* 237 (110 S. E. 217); *Raney* v. *McRae,* 14 *Ga.* 589 (60 Am. D. 660); *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790).

(*c*) Under all the evidence showing more than as alleged in the plea in bar, it was erroneous to sustain the plea and adjudge the defendant not in contempt.

*Judgment reversed. All the Justices concur.*