## EVANS *v.* EVANS.

Nos. 13537, 13539. March 13, 1941.
Adhered to on rehearing, March 29, 1941.

*Hallie B. Bell* and *Grady Gillon,* for plaintiff in error.
*Edward F. Taylor* and *William H. Sanders,* contra.

ATKINSON, Presiding Justice. At a time when there was no pending suit for divorce between the parties, a wife instituted proceedings under the statute (Code, § 30-213), for permanent and temporary alimony. The parties entered into an agreement for allowance of temporary alimony at $45 per month, payable semi-monthly. On the hearing this agreement was formally made the judgment of the court. Thereafter the temporary alimony was duly paid for several years, and the case remained in the court without further action, and no judgment was ever taken for permanent alimony. While the status was as indicated, the husband instituted a separate suit for divorce. The wife did not resist the grant of divorce, or apply in that suit for permanent or temporary alimony as allowable under the statute (Code, § 30-202). The divorce suit resulted in a first and a second verdict, and a final decree of total divorce dated February 17, 1939. No reference

was made in that suit or in the decree to the existing judgment for temporary alimony, nor was the subject of alimony in any wise mentioned. After the date of the decree of divorce the wife, on July 1, 1940, instituted contempt proceedings for failure to pay temporary alimony alleged to have accrued under the judgment after the decree of divorce, amounting to $720. In his answer in the nature of a cross-action the husband resisted the rule for contempt, and sought to have the judgment for temporary alimony decreed void and of no effect, and to have the pending suit for alimony dismissed and expunged from the records of the court, on the ground that the decree for divorce dissolved the marital relation and automatically terminated all right to alimony after the decree of divorce. On trial of the contempt case, the pleadings and agreed statement of facts showing the case substantially as indicated above, the judge ordered payment of the accumulated temporary alimony, and that execution issue therefor, and adjudged the husband in contempt. He further ordered dismissal of the alimony suit, and relieved the husband from liability under the judgment for all alimony that might accrue after July 10, 1940, the date of his answer to the contempt proceeding. The husband excepted to so much of the judgment as required payment of the alleged amount accruing after divorce and as held him in contempt. In a cross-bill of exceptions the wife excepted to so much of the judgment as relieved the husband from payment of alimony after filing of his cross-action in the contempt proceedings.

It is declared in the Code, § 30-213: "When husband and wife shall be living separate, or shall be bona fide in a state of separation, and there shall be no action for divorce pending, the wife may . . institute a proceeding by petition setting forth fully her case; and upon three-days notice to the husband, the judge may hear the same in term time or vacation, and grant such order as he might grant were it based on a pending petition for divorce, to be enforced in the same manner, together with any other remedy applicable in equity, such as appointing a receiver and the like; and should such proceeding proceed to a hearing before a jury, they shall decree as provided by section 30-212 for such cases, but such proceeding shall be in abeyance when a petition for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony, and when

so made, such order shall be a substitute for the aforesaid decree in equity, as long as said petition shall be pending and not finally disposed of on the merits." This section is to be construed and applied in connection with § 30-202, which authorizes *the judge* to grant *temporary alimony* in actions for divorce, or actions for permanent alimony where the parties are living in a bona fide state of separation. When so considered and applied, the Code section with its context authorizes *the judge* in term time or vacation, on application of the wife upon three days notice to the husband, to grant temporary alimony. When temporary alimony is so granted by the judge, the judgment is conclusive as between the parties until reversed or modified. The quoted Code section is also to be construed and applied in connection with the §§ 30-211, 30-212, which authorize a husband by deed to make provision for his wife in lieu of alimony, but on failure to make such provision voluntarily he may be compelled to do so in equity. When so construed and applied, Code § 30-213 with its context, by use of the language, "but such proceeding shall be in abeyance when a petition for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony," does not authorize abeyance of the proceeding for temporary alimony on account of filing suit for divorce, where the judge has not "made his order on the motion for alimony."

In *Higgs* v. *Higgs,* 144 *Ga.* 20 (85 S. E. 1041), it was held: "The consent order allowing temporary alimony, construed in the light of the Civil Code, § 2976 [§ 30-202], under which the action for alimony was instituted, contemplates alimony 'pending the cause.' (a) There are provisions in the Civil Code, § 2986 [§ 30-213], to the effect that a wife may institute proceedings in equity against her husband for support, and obtain a decree in a specified manner, 'but that such proceeding shall be in abeyance when a libel for divorce shall be filed, bona fide by either party, and the judge presiding shall have made his order on the motion for alimony, and when so made, such order shall be a substitute for the aforesaid decree in equity, as long as said libel shall be pending and not finally disposed of on the merits.' If this section of the Code is applicable in cases where there is a consent order for temporary alimony under the Civil Code, § 2976 [§ 30-202], it would not require a ruling in this case that the consent order was supplanted,

it not appearing that in the divorce suit any application was made for alimony. . . It appearing that the proceeding brought by the wife for alimony had never been finally disposed of, and the consent order not having been modified or terminated by proper proceeding in the case in which it was granted, the allegations in this independent petition to revise and revoke the order granting temporary alimony, though taken as true, did not require the grant of any of the relief prayed for." The foregoing decision was not concurred in by all the Justices, and consequently is not binding on this court as a precedent; but on further consideration, and in the light of the foregoing sections of the Code, it is approved.

■ In the instant case the judgment for temporary alimony had already been granted when the decree for divorce was rendered. It was not nullified by the decree of divorce. It stands upon a different footing from a mere unadjudicated claim for alimony. Cases such as *Burns* v. *Lewis,* 86 *Ga.* 591 (13 S. E. 123); *Joyner* v. *Joyner,* 131 *Ga.* 217 (3) (62 S. E. 182, 18 L. R. A. (N. S.) 647, 137 Am. St. R. 220); *Hall* v. *Hall,* 141 *Ga.* 361 (80 S. E. 992), and similar decisions holding in effect that alimony depending on existence of the marital relation may not be granted after termination of the relation by decree of divorce, are not in point. The present case also differs on its facts from *Fauver* v. *Hemperly,* 178 *Ga.* 424 (2) (173 S. E. 82), in which temporary alimony was granted in a suit for divorce, which was afterwards abandoned, as stated in the opinion. The judgment for temporary alimony in that case not being based on an action for permanent alimony, application of the Code, §§ 30-212, 30-213, was not involved.

■ It appearing that the consent judgment for temporary alimony had not been modified by the judge before institution of the proceedings for contempt, it was binding; and consequently the judge did not err in requiring payment of the amount of temporary alimony accumulated after judgment for divorce, and in holding the husband in contempt of court. In connection with all the foregoing see *Durden* v. *Durden,* 191 *Ga.* 404 (12 S. E. 2d, 305).

■ It is not held, however, that an order of the judge granting temporary alimony, may not afterward be modified or revoked. On the contrary it has been held: "A judgment refusing or granting temporary alimony is subject to revision by the court at any time." *Waters* v. *Waters,* 138 *Ga.* 805 (2) (76 S. E. 48). It does not ap-

pear that the judge abused his discretion in disallowing payment of alimony accruing after filing of the answer in the nature of a cross-action, as complained of in the cross-bill of exceptions.

*Judgment affirmed on both bills of exceptions. All the Justices concur, except*

DUCKWORTH, J., who dissents from the judgment on the main bill of exceptions, concurring on the cross-bill.