COX *v.* COX.

No. 14711. FEBRUARY 9, 1944.

*Barrett & Hayes,* for plaintiff in error.   *W. O. Slate* and *Charles W. Bergman,* contra.

BELL, Chief Justice.   ■   The original proceeding for alimony begun by Mrs. Cox was evidently predicated upon the provision of the Code, § 30-213, that when husband and wife shall be living separately, and there shall be no action for divorce pending, the wife may institute a proceeding by petition setting forth her case; and upon three days' notice to the husband, the judge may

hear the same in term time or vacation, and grant such order as he might were it based on a pending petition for divorce, to be enforced in the same manner, and so forth. *Wilson* v. *Wilson,* 170 *Ga.* 340 (153 S. E. 9). The decree on that original petition was by consent of the parties entered in term time at the appearance term. Under the terms of the act approved March 28, 1935 (Ga. L. 1935, p. 481, Ann. Code, § 81-1003), it was provided that, "All cases, whether at law or in equity, in the courts of this State may be tried at the first or appearance term, provided the same is ready for trial, upon the consent of the parties thereto,' which consent shall be entered upon the docket of the court." This was a consent decree. It was actually signed by the parties and their counsel, as well as by the judge. It is nowhere asserted that the consent of the parties was not entered upon the docket of the court, and it is to be presumed that it was. In view of the act of 1935, there is no merit in the contention that the judgment was void because it was rendered at the first or appearance term. The decisions in *Kantzipper* v. *Kantzipper,* 179 *Ga.* 850 (177 S. E. 679), *Seigler* v. *Seigler,* 181 *Ga.* 310 (181 S. E. 822), *Langston* v. *Nash,* 192 *Ga.* 427 (15 S. E. 2d, 481), dealt with judgments rendered before the passage of the act of 1935, and therefore are not in point.

■ The attack upon this consent decree has also, as one of its predicates, the failure to submit the matter to a jury. It has been recognized a number of times by this court that since the parties can by agreement legally settle a claim for alimony, and the court has power to render a valid judgment thereon, such a judgment, when the amounts have been agreed upon and all issues and facts are settled, is not rendered invalid merely because the matter was not submitted to a jury. See *Hardy* v. *Pennington,* 187 *Ga.* 523, 525 (1 S. E. 2d, 667); *Estes* v. *Estes,* 192 *Ga.* 94 (14 S. E. 2d, 681), and other authorities there discussed. It has also been recognized that even in cases where parties may be entitled to a jury trial, they may impliedly waive it without expressly so doing. Compare *Chappell* v. *Small,* 194 *Ga.* 143 (20 S. E. 2d, 916). Accordingly, the present judgment was not void because it was not based upon a verdict.

■ Another ground of attack is that the consent decree fixing the amount of alimony was rendered functus officio by the subsequent decree of divorce between the same parties. The Code, §

30-213, heretofore cited, provides for suspension of a suit for alimony based on this section, only "when a petition for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony." It expressly appears in this case that the wife, when subsequently sued for divorce, did not in that suit ask for alimony, and that none was granted her. In these circumstances, it is no answer to the rule nisi for contempt, on the former husband's failure to pay alimony as called for by the consent decree, that he had in the meantime obtained a total divorce. *Higgs* v. *Higgs,* 144 *Ga.* 20 (85 S. E. 1041); *Evans* v. *Evans,* 190 *Ga.* 364 (9 S. E. 2d, 254); *Evans* v. *Evans,* 191 *Ga.* 752, 755 (14 S. E. 2d, 95); *Boone* v. *Boone,* 192 *Ga.* 579 (3) (15 S. E. 2d, 868); *Estes* v. *Estes,* supra; *Moody* v. *Moody,* 193 *Ga.* 699 (5) (19 S. E. 2d, 504).

The only reasons urged by the respondent as to why he should not be adjudged in contempt were those above discussed. None being sufficient, there was no error in dismissing the response to the rule, and the motion to set aside the decree, nor in adjudging the respondent in contempt.

*Judgment affirmed. All the Justices concur.*