28237, 28238. ROBERTS v. ROBERTS; and vice versa.

SUBMITTED SEPTEMBER 14, 1973 — DECIDED OCTOBER 4, 1973.

*Wheeler & Blaisdell, Charles D. Wheeler,* for appellant.

*Custer, Smith & Manning, Lawrence B. Custer, W. Sammy Garner, III,* for appellee.

GRICE, Presiding Justice. The enumerations of error here grow out of a suit filed by Christine L. Roberts in the Superior Court of DeKalb County for divorce, alimony and attorney fees against Hollis Earl Roberts and also another party who was later dismissed.

In the appeal (Case No. 28237), Hollis Earl Roberts complains of the trial court's denial of his motion to dismiss the complaint and

of the award of temporary alimony, attorney fees and temporary use and possession of property.

In the cross appeal (Case No. 28238) Christine L. Roberts contends that the trial court erred in not making a preliminary determination as to whether Hollis Earl Roberts could invoke his Fifth Amendment privilege to preclude production of his income tax returns; and also that the court erred in refusing to require him to produce copies of them.

We deal first with the enumerations in the appeal.

■ The complaint, insofar as necessary to recite here, alleged substantially as follows: that the plaintiff and defendant were married in 1945 and divorced in 1957; that they contracted a common law marriage in 1959, lived together as husband and wife until 1970, and since then have lived in a bona fide state of separation; that the plaintiff is entitled to a divorce upon the following grounds: (a) cruel treatment as defined by Code Ann. § 30-102 (10); (b) wilful desertion as defined by Code Ann. § 30-102 (7) for more than two years, notwithstanding her repeated requests for him to return; and (c) adultery as defined by Code Ann. § 30-102 (6) with a named corespondent with whom he is now living.

The complaint also essentially alleged that the plaintiff is unable to work because of illness but that the defendant is employed with annual earnings of at least $25,000; that the parties have acquired title to certain residential property and that his interest therein should be set aside to her as part of her alimony and support; that she has title to a described automobile which is in bad operating condition; and that he should furnish her with a suitable re-placement automobile as part of her alimony and support.

The complaint further alleged that the defendant has secreted his place of abode from her but she believes that he now lives at a stated address in said county.

The complaint also recited that the plaintiff is without sufficient funds with which to pay her attorney for representing her in this matter and a substantial sum should be set aside for this purpose.

The prayers of the complaint, in addition to process and rule nisi, were in material part that she be awarded a divorce; that his disabilities not be removed; that he be required to pay temporary and permanent alimony and support; that she have temporary use and permanent ownership of and title to the residential property described above and the furnishings located therein; that he be required to furnish her with a suitable replacement automobile; that he be required to pay a substantial sum as attorney fees for

representation in this matter; and for general relief.

(a) As we appraise the complaint, summarized above, in accordance with the standards of the Civil Practice Act we unhesitatingly hold that it states a claim for relief and thus was not subject to dismissal upon this ground.

(b) Furthermore the trial court properly overruled the renewed motion to dismiss the complaint upon conclusion of the evidence on the grounds that the plaintiff has not carried the burden of showing that the parties are man and wife and that the parties were not, in fact, married in common law or otherwise. See Divisions, 2, 3, 4, infra.

■■■ The enumerations complaining of the award of temporary alimony, attorney fees and temporary use and possession of property are based upon the contention that the plaintiff did not show that she was the wife of the defendant. Specifically he urged that she had failed to prove that they had agreed to be husband and wife again.

This contention is not sustained by the evidence upon the temporary hearing.

While the plaintiff's testimony was susceptible of diverse inferences in one particular, she swore elsewhere to the effect that she and the defendant agreed to live together again as husband and wife during the period from August, 1959, until December, 1970. The testimony was that they lived together, reared four children and held themselves out as husband and wife.

Also, there was documentary evidence that he filed joint income tax returns and procured insurance policies naming her beneficiary as his wife.

The evidence here was sufficient to show a common law marriage to authorize an award of temporary alimony, attorney fees and use of property. The final adjudication of this issue is left to a hearing before a jury.

■ There is no merit in either of the cross-appellant's enumerations of error, to wit: (a) that the trial court should have made a preliminary determination as to whether the defendant could invoke his Fifth Amendment privilege to preclude production of his income tax returns and (b) that the trial court erred in refusing to require him to produce copies of such returns.

No abuse of discretion is shown as to these enumerations, particularly since this was only a preliminary hearing.

Also, no harm resulted to the plaintiff as to these matters. She does not contend that the absence of such returns resulted in an

inadequate award in the preliminary hearing.

*Judgment affirmed on main appeal and cross appeal. All the Justices concur.*