## 29225, 29376. SHEPHERD v. SHEPHERD; and vice versa.

INGRAM, Justice.

These cases represent the third appearance in this court of some aspect of this alimony and separate maintenance action in the Superior Court of DeKalb County.

In Case No. 29225, the husband complains of the jury verdict and final judgment granting alimony to the wife on the grounds that there was no valid marriage between the parties; that there was a substantial error in the trial court's charge; that the Georgia alimony statutes are unconstitutional; and that a new trial should have been granted because of newly discovered evidence.

In Case No. 29376, the wife appeals an interlocutory order of the trial court abating an earlier award of temporary alimony on the ground that the trial court had no jurisdiction to enter the abatement order since the appeal in Case No. 29225 had been docketed in this court

prior to entry of the abatement order in the trial court.

We deal first with the issues raised in the husband's appeal in Case No. 29225. The wife alleged in her complaint that she and the husband were married on the 5th day of August, 1972. The husband denied this paragraph of the wife's complaint as alleged, but admitted in his answer "that the parties . . entered into a purported marriage on the date alleged." On the trial of the case, the husband proceeded with his defense that no valid marriage existed between the parties because the wife had previously entered into a common-law marriage relationship with her former husband, Frank W. Epps, subsequent to the granting of a final divorce to them.

The evidence offered by the husband to show a common-law marriage between the wife and her former spouse, when construed most favorably to the husband, was substantially as follows: that there was use of a joint checking account in the Fulton National Bank of Atlanta by the wife and Frank W. Epps subsequent to their divorce decree; that Frank W. Epps arranged bank loans for the wife; that the joint banking account's monthly statements sent out by Fulton National Bank showed a change of address to the home domicile of the wife at 4680 High Point Road, N. E., Atlanta, Georgia, in a period of a few months after the divorce from Epps; that the wife continued to use the gasoline credit cards of Frank W. Epps, as well as his Master Charge credit card and other charge accounts in his name such as Sears and that Frank W. Epps helped secure other loans and automobiles for the wife subsequent to their former decree of divorce. There was also testimony from two babysitters and from Helen Epps, the former sister-in-law of the wife, that Frank W. Epps and the wife had lived together after their divorce.

The wife and Frank W. Epps both denied under oath that they had ever lived together as husband and wife after their divorce or that they had ever intended to consummate a common-law marriage. The jury resolved the conflict in the evidence by its verdict granting permanent alimony to the wife. The jury necessarily concluded by its verdict that no common-law marriage

existed between the wife and her former husband, Frank W. Epps, and that the ceremonial marriage between the present parties is a valid and subsisting marriage.

The jury's verdict is authorized under the evidence considered during the trial of the case. To constitute a valid marriage in this state there must be: (a) parties able to contract; (b) an actual contract; and (c) consummation according to law. Code § 53-101. The evidence did not require the jury to find that all of these necessary elements had been proven with respect to the contended common-law marriage. Cf. *Roberts v. Roberts,* 231 Ga.196, 198 (200 SE2d 731). Therefore, a new trial is not required by the jury's verdict which necessarily determined the present marriage to be valid.

Appellant-husband also contends that a new trial should be ordered because subsequent to the final judgment in this case, appellant discovered new and material evidence which establishes that the wife and her former husband, Frank W. Epps, publicly represented themselves to be husband and wife after their divorce. This evidence consists of a document, signed under oath by the present wife and Epps approximately seven months after their divorce, that was used as a renewal application to sell spiritous liquors at retail filed with the City of Atlanta and maintained on record in the Atlanta Police Department. We find this contention to be without merit for two reasons: (1) this document is primarily cumulative or impeaching in its character and it would not likely produce a different verdict by the jury; and (2) the affidavit of the husband concerning the discovery of this evidence shows it could have been discovered by ordinary diligence prior to the trial of the case through available discovery procedures. Thus, the requirements of Code § 70-204, authorizing a new trial on the basis of newly discovered evidence, have not been satisfied and the trial court did not err in refusing a new trial on this ground.

The husband's next contention is that the trial court committed substantial error by giving the following instructions to the jury on the trial of the case: "I charge you that if at this point in the case you find that the plaintiff and the defendant are legally man and wife, that

you would then consider the question of what we call permanent alimony. I charge you that a husband, under Georgia Law, may not abandon his obligations of support for his wife and family. In cases where the law authorizes the wife to live separate and apart from her husband by reason of his ill conduct, it generally requires him to maintain her while so living. I charge you that while the law uses the term 'permanent alimony' and I have used this term in my charge to you, an award of permanent alimony can later be superseded by a judgment of divorce between the parties, and I charge you that an award of permanent alimony made to the wife in this case would not preclude either party from subsequently entering a separate complaint for divorce. I charge you that any award of permanent alimony to the wife in this case would cease by operation of law upon her death or remarriage or subsequent divorce from her husband if not terminated earlier."

Appellant's argument as to the charge is that where alimony has been granted to the wife and subsequently a total divorce is granted to the husband by a divorce decree which is silent as to alimony, the divorce decree does not have the effect of rendering the earlier alimony judgment functus officio. See Code § 30-213, and *Cox v. Cox,* 197 Ga. 260 (3) (29 SE2d 83). We agree with this interpretation of Code § 30-213 by appellant but fail to see how appellant has been harmed by the trial court's instructions in this case. The trial court told the jury, inter alia, that if it awarded the wife permanent alimony the award can later be superseded by a judgment of divorce between the parties. This instruction by the trial court was correct and can be considered incorrect only if there is subsequent divorce litigation between the parties and the divorce decree is silent as to alimony.

Whether there will be future divorce litigation between the parties and whether it will or will not include an alimony determination remains to be seen. The trial court's instructions, when considered as a whole, were not harmful error under the facts of this case. If appellant had desired any additional or clarifying instructions on this subject, they should have been requested at the trial. Certainly, we cannot say that the

instruction given, and enumerated as error, was substantial error that was harmful as a matter of law to appellant so as to excuse an objection to the instruction at the trial. Code Ann. § 70-207.

Appellant husband's final enumeration of error asserts that Georgia's alimony laws are unconstitutional. This issue was raised and decided adversely to appellant in an earlier appeal in this case. See 232 Ga. 354. We adhere to that ruling on this issue and re-affirm the constitutionality of the alimony statutes of Georgia.

In Case No. 29376, the wife enumerates as error the trial court's interlocutory order abating the prior award of temporary alimony on the ground that, at the time the order was entered, the trial court had no jurisdiction in the case.

It is true that the order complained of was entered August 14, 1974, and that the appeal to this court in Case No. 29225 was docketed here on August 5, 1974. However, it is only the award of permanent alimony which is before this court for review in Case No. 29225. The appeal in that case superseded the verdict and judgment of permanent alimony by the trial court pending a decision in this court. See *Park v. Minton,* 229 Ga. 765, 769 (194 SE2d 465). The permanant alimony award is being affirmed by this court and will become final upon the filing of the remittitur in Case No. 29225 in the trial court. See *Hagan v. Robert & Co. Assoc.,* 222 Ga. 469 (150 SE2d 663). Until the permanent award of alimony becomes final, the parties are bound by the interlocutory order of the trial court. The interlocutory (or temporary) award of alimony, pending final adjudication of the permanent award, remains in the breast of the trial court and may be revised in the discretion of the trial court at any time prior to final determination of the case. See, *Chlupacek v. Chlupacek,* 226 Ga. 520 (3) (175 SE2d 834), and *Bickford v. Bickford,* 228 Ga. 353, 356 (185 SE2d 756). Therefore, we hold that the trial court had jurisdiction to revise its temporary order while the final judgment was on appeal to this court. See also *Swindle v. Swindle,* 221 Ga. 760 (5) (147 SE2d 307).

We believe the trial court correctly decided the issues raised in each of these cases and that its judgment

should be affirmed in both cases.
*Judgments affirmed. All the Justices concur.*

SUBMITTED OCTOBER 16, 1974 — DECIDED
NOVEMBER 18, 1974.

*John C. Tyler,* for appellant.
*Glenville Haldi, Peek, Arnold, Whaley & Cate,
William H. Whaley,* for appellee.