## 30831. SHEPHERD v. SHEPHERD.

INGRAM, Justice.

The parties to this appeal have returned after three prior appearances in this court growing out of their alimony and separate maintenance litigation in DeKalb Superior Court — 231 Ga. 257 (1973); 232 Ga. 354 (1974); and 233 Ga. 228 (1974). A new dimension to the marital dispute was added when the husband filed a separate suit for divorce after the alimony judgment was affirmed in the last appeal to this court.

The wife then sought alimony in the divorce case and the trial court conducted a hearing on the question of temporary alimony in the divorce case on April 24, 1975. An order was entered, after hearing evidence and argument of counsel, denying any temporary alimony to the wife. Subsequently, the wife filed proceedings to have the husband held in contempt of court for wilfully failing to pay money which was owed to her under the trial court's order in the earlier alimony case.

The trial court conducted a hearing in the alimony contempt case and held the husband in contempt for not paying the alimony payments which had accrued prior to the entry of the temporary alimony order in the divorce case. However, the trial court refused to hold the husband in contempt for sums due under the prior alimony award subsequent to its denial of temporary alimony to the wife in the divorce case. The wife contends this was error because the order denying her temporary alimony in the divorce case did not cut off her right to continue receiving alimony payments under the trial court's earlier order in the alimony case.

The only issue we decide in this appeal is whether the trial court erred in ruling in the alimony contempt case that the order denying alimony to the wife in the divorce

case suspended the earlier alimony award to the wife.

Under Code Ann. § 30-213, the trial court's alimony order in the divorce case is "a substitute for the [earlier alimony award] . . . , as long as said petition [for divorce] shall be pending and not finally disposed of on the merits." The present record before this court indicates there has been no final trial of the divorce case, and it remains to be seen whether a final decree in the divorce case will or will not adjudicate the wife's claim to permanent alimony after the divorce.

Consequently, at this point in the divorce litigation it cannot be determined whether the prior alimony judgment will become functus officio and without further legal efficacy. For the time being, the prior alimony award is merely "in abeyance" pending final trial of the divorce case because the trial court has entered a temporary alimony order (denying temporary alimony) in the divorce case. See Code Ann. § 30-213. Should the trial court in the divorce action adjudicate the issue of permanent alimony, the prior award will be entirely superseded.

*Tobin v. Tobin,* 93 Ga. App. 568, 569 (5) (92 SE2d 304) (1956), relying upon several decisions of this court, states the rule thusly: "By the terms of Code § 30-213, provision is made for the grant of alimony where the husband and wife shall be living separate, or shall be bona fide in a state of separation, and there shall be no action for divorce pending. Under the terms of this section, the alimony so granted shall be suspended 'when a petition for divorce shall be filed bona fide by either party, and the judge presiding shall have made his order on the motion for alimony.' Where, however, such alimony as provided for in this section has been granted the wife and subsequently a total divorce granted the husband but the divorce decree is silent as to alimony, the divorce decree does not have the effect of rendering the alimony decree functus officio. *Cox v. Cox,* 197 Ga. 260 (29 SE2d 83); *Higgs v. Higgs,* 144 Ga. 20 (85 SE 1041); *Evans v. Evans,* 190 Ga. 364 (9 SE2d 254); *Evans v. Evans,* 191 Ga. 752, 755 (14 SE2d 95); *Moody v. Moody,* 193 Ga. 699 (5) (19 SE2d 504)."

An application of the above principles to the facts of

the present case requires that we affirm the contempt order of the trial court from which this appeal was taken. See also *Shepherd v. Shepherd,* 233 Ga. 228, 231 (210 SE2d 731) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 16, 1976 — DECIDED MARCH 2, 1976.

*Glenville Haldi,* for appellant.

*John T. Tyler, James R. Venable, Margaret Hopkins,* for appellee.